IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ELISA RAYNER**                                                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 2:20-cv-187-TBM-MTP**

**STRINGER WATER WORKS
ASSOCIATION; AND ALLEN GLEN
MYERS; SAMUEL F. ELDRIDGE;
LONNIE DALE COOK; AND MARY A.
CAVES, individually**                                                                               **DEFENDANTS**

**ORDER AND MEMORANDUM OPINION
DENYING PLAINTIFF'S MOTION TO REMAND**

**BEFORE THE COURT** are Plaintiff Elisa Rayner's Motion to Remand [15] and supporting Memorandum [16], Defendants' Response in Opposition to Rayner's Motion to Remand [19] and supporting Memorandum [21], and Rayner's Rebuttal in Support of Motion to Remand [22]. The Court held a hearing on this matter on February 9, 2021.

In their briefs supporting and opposing remand, the parties focus primarily on the import of an attachment to the Complaint. [Doc. 1-2] pgs. 21-23. The attachment evidences a "Charge of Discrimination" based on retaliation that Rayner filed with the Equal Opportunity Employment Commission (EEOC), which the agency considered and closed prior to the filing of this lawsuit. *Id.* Under Fifth Circuit precedent, an attached and fully incorporated EEOC charge is part of the complaint for all purposes, including jurisdictional determinations. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (citing FED. R. CIV. P. 10(c)). After considering the pleadings in this case as well as the arguments presented at the February 9, 2021 hearing, the Court finds that the Motion to Remand should be DENIED.

### I.    Facts & Procedural History

Plaintiff Elisa Rayner was previously employed by Defendant Stinger Water Works Association (Stringer Water Works) as bookkeeper and secretary.[1] [Doc. 1-2] ¶ 9. This lawsuit arises out of her termination from that employment on June 18, 2020. *Id.*; [Doc. 21] pg. 1.

On June 29, 2020, Rayner presented a "Charge of Discrimination" to the EEOC based on retaliation. [Doc. 1-2] pg. 21. In the "Particulars" section of the charge, she stated she was terminated "after complaining to the Board of Directors," and that she "believed" the alleged retaliation to be "in violation of the Americans with Disabilities Act of 1990." *Id.* On August 19, 2020, the EEOC notified Rayner it was "closing its file" on her charge because the agency was "unable to conclude that the information obtained establishes violations of the statutes." [Doc. 1-2] pg. 22. When dismissing the charge, the EEOC provided a "Notice of Suit Rights" advising: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost . . . ." *Id.* (emphasis in original).

On September 8, 2020, Rayner filed this lawsuit *pro se* against Stringer Water Works, Allen Glen Myers, Samuel F. Eldridge, Lonnie Dale Cook, and Mary A. Caves in the Circuit Court of Jasper County, Mississippi, and she attached a copy of the EEOC charge to her Complaint. [Doc. 1-2]. Rayner references the EEOC charge once in her Complaint, stating she would show that the EEOC "has granted authority to sue the defendants for their willful conduct in the United States Federal Court." [Doc 1-2] ¶ 19. Rayner's Complaint does not mention the Americans with Disabilities Act, but it does allege discrimination and retaliation as well as unsafe, harmful, and

---

[1] Rayner's exact title is unclear, as she described herself as "office manager" in her EEOC charge. [Doc. 1-2] pg. 21.

2

hostile work environment. [Doc. 1-2] ¶¶ 22, 26, 29-30, 36, 38, 41-42, 48, 49. It also includes allegations of breach of contract and wrongful discharge. [Doc. 1-2] ¶¶ 10-15. To support her claims for breach of contract and wrongful discharge, Rayner relies on language from Stringer Water Works' bylaws,[2] which she also attached to her Complaint. [Doc. 1-2].

Defendants timely filed their Notice of Removal [Doc. 1] on October 7, 2020. The Defendants argue that Rayner has "assert[ed] claims arising under the laws of the United States" and that the District Court "has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331" and "supplemental jurisdiction over any state law claim raised in the Plaintiff's complaint because each of the claims are so related to the claims in the action within this court's original jurisdiction that they form part of the same case or controversy." [Doc. 1] ¶ 8 (citing 28 U.S.C. § 1367(a)). In support of this contention, Defendants point to the attached "EEOC documents" and Rayner's "express references" to the same in her original Complaint. [Doc. 1] ¶ 4. Defendants further state that "Plaintiff asserts claims of discrimination and retaliation arising out of the same alleged factual circumstances as those alleged in her EEOC charge." *Id.*

On November 5, 2020, Rayner moved to remand the case, stating that she is "not asserting any claims under the ADA" in the present lawsuit. [Doc. 16] pg. 2. Rayner claims that she attached the EEOC charge "solely" to show exhaustion of administrative remedies. *Id.* In her rebuttal, Rayner goes a step further and avows that she is not asserting "*any* claim for relief under federal law." [Doc. 22] pg. 2 (emphasis added). Rayner attests that she is pursuing no federal

---

[2] Rayner emphasizes the following language: "The board of trustees . . . shall elect by ballot a president and vice-president from among themselves and a secretary and treasurer, each of whom shall hold office until the next annual meeting and until the election and qualification of his successor unless sooner removed by death, resignation, or for cause . . . . The bookkeeper of the Association shall serve as Secretary. The bookkeeper is hired for a period of two (2) years." [Doc. 1-2] pgs. 14, 19.

3

claims and has only pled "two state law cases of action: 1) breach of contract[3] and 2) wrongful discharge.[4]" [Doc. 22] pg. 3. Rayner argues that a plaintiff is "master of her complaint" and may choose to pursue only state claims and proactively abandon all potential federal claims. *Id.*

Opposing remand, Defendants secondarily argue that Rayner "alleges violations of 'multiple federal laws' and raises multiple claims that are only actionable under federal law." [Doc. 21] pg. 3.

## II.     Standard of Review

"As a preliminary matter, we emphasize that the burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Removal raises "significant federalism concerns," is "strictly construed," and "any doubt as to the propriety of removal [is] resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal citations omitted).

For this Court "to properly entertain federal question jurisdiction pursuant to 28 U.S.C. § 1331 and be removable under 28 U.S.C. § 1441(b), the cause of action must be one which arises 'under the Constitution, laws or treaties of the United States.'" *Humes-Pollett v. Family Health Ctr., Inc.*, 2:07-CV-227-KS, 2008 WL 275737, at *3 (S.D. Miss. Jan. 30, 2008), *aff'd*, 339 F. App'x 490 (5th Cir. 2009). If a "substantial, disputed question of federal law appears on the face of the well pleaded complaint," the suit arises under federal law. *Id.* (citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983)).

---

[3] In her Complaint, Plaintiff alleged that she "entered into an employment contract" with Defendant Stringer Water Works "for at least two years from February 4, 2019 to at least February 3, 2021." [Doc. 1-2] pg. 2 ¶ 10. She further stated that she "was assured she would have job security," "would only be discharged for just cause," and "relied on [the Defendant's] promises of job security." [Doc. 1-2] ¶¶ 12-13.

[4] The Complaint alleged that Rayner has suffered damages because of Defendants' "wrongful acts and wrongful discharge." [Doc. 1-2] ¶ 15.

4

### III.   Discussion & Analysis

Federal question jurisdiction "is invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). Notably, when a plaintiff "attache[s] and fully incorporate[s] [an EEOC] Charge into his complaint, it [becomes] a part of his complaint for all purposes." *Davoodi*, 755 F.3d at 310 (citing FED. R. CIV. P. 10(c)) ("[A]n exhibit to a pleading is a part of the pleading for all purposes."). In *Davoodi*, the court denied remand where the plaintiff attached and fully incorporated an EEOC charge alleging "that Davoodi 'ha[d] been and continue[d] to be discriminated against, in violation of Title VII of the 1964 Civil Rights Act, as amended, [and] the Texas Commission on Human Rights Act, as amended, because of [his] national origin.'" *Id.* (citing *Holland/Blue Streak v. Barthelemy,* 849 F.2d 987, 989 (5th Cir. 1988)) (explaining that the assertion of a federal cause of action alone provides the district court with subject matter jurisdiction); *see also* 28 U.S.C. § 1367(a). Rayner similarly attached an EEOC charge to her Complaint, which asserts discrimination based on retaliation, believed to be "in violation of the Americans with Disabilities Act." The charge does not include any state law basis for its allegations.

There does not appear to be any relevant caselaw concerning the impact of *Davoodi* in Mississippi courts. But several Texas and Louisiana district courts have considered its holding in similar contexts. Those courts have held that Rule 10(c) does not apply to an EEOC charge when circumstances indicate the charge was not fully incorporated. Circumstances include whether the charge was attached to the complaint, the way the charge was referenced, and the plaintiff's purpose for referencing it. *Pidgeon v. E. Baton Rouge Sheriff's Office*, No. 17-342-JJB, 2017 WL

5

3996436, at *3 (M.D. La. Aug. 21, 2017) (noting plaintiff only "referenced" the EEOC charge and finding "those references do not necessarily transform Plaintiff's action into one brought under federal law"); *Williamson v. Pay & Save, Inc.*, 205 F. Supp. 3d 863, 867 (W.D. Tex. Oct. 9, 2015) ("Because Plaintiff did not attach her Charge as an exhibit to any of Plaintiff's pleadings, this document did not become a part of those pleading."); *Scott v. Baton Rouge City Constables Office*, No. 17-289-JWD, 2017 WL 4563843, at *2 (M.D. La. Sep. 22, 2017), report and recommendation adopted, No. 17-289-JWD, 2017 WL 4675042 (M.D. La. Oct. 12, 2017) ("[I]n contrast [to *Davoodi*], 'Plaintiff's Petition in this case only noted the existence of his federal Charge of Discrimination and referenced his receipt of a "Notice of the Right to Sue" letter from the EEOC.'"); *Garrett v. S. Newspapers, Inc.*, No. H-18-2578, 2018 WL 4352914, at *2 (S.D. Tex. Sept. 12, 2018) ("Garrett references the EEOC charge only to show that she met the administrative exhaustion requirements for filing suit. The EEOC charge, therefore, is not 'fully incorporated' into Garrett's amended complaint.")

Significant to this analysis, Texas and Louisiana have state antidiscrimination statutes that are analogous to their federal counterparts. These federal courts could, therefore, reasonably find that referencing or attaching an EEOC charge acts—not to allege a federal cause of action—but instead to demonstrate exhaustion of administrative remedies.[5] The Mississippi legislature, on the other hand, has not elected to codify antidiscrimination. Accordingly, there is no reason to exhaust

---

[5] "[Under the Texas Commission on Human Rights Act,] [t]he exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit for unlawful employment practices. . . . [A] plaintiff must: (1) file a complaint with the TWC within 180 days of the alleged discriminatory act; (2) allow the TWC 180 days to dismiss or resolve the complaint; and (3) file suit in district court within 60 days of receiving a right-to-sue letter from the TWC and no later than two years after the complaint was filed. The purposes underlying the administrative-complaint requirement include giving the charged party notice of the claim, narrowing the issues for speedier and more effective adjudication and decision, and giving the administrative agency and the employer an opportunity to resolve the dispute." *Lopez v. Texas State Univ.*, 368 S.W. 3d 695, 701 (Tex. App. 2012) (internal citations omitted).

administrative remedies *unless* a plaintiff wants to pursue the basis of her EEOC charge in federal court.

Like the plaintiffs in Texas and Louisiana, Rayner asserts that she included the EEOC charge to show exhaustion of administrative remedies and prove her right to sue. *Unlike* those plaintiffs, Rayner had no obligation to exhaust administrative remedies before suing the Defendants for breach of contract and wrongful discharge in state court (and has offered no theory under which she would conceivably need to do so). Moreover, Rayner elected to attach the charge to her Complaint as an exhibit, rather than merely referencing it like nearly all the plaintiffs in the Texas and Louisiana cases did. In the one case that did involve an attached EEOC charge, the plaintiff made "clear in both her amended complaint and her motion to dismiss that she [was] abandoning her Title VII claims." *Garrett*, 2018 WL 4352914, at *2. Rayner has made no effort to amend her Complaint.

The circumstances indicate that Rayner's EEOC charge was fully incorporated, and *Davoodi's* application of Rule 10(c) applies. Therefore, we consider the allegations in Rayner's attached EEOC charge when evaluating jurisdiction. In her charge, Rayner alleged discrimination based on retaliation. She stated that she believed she was "retaliated against in violation of the Americans with Disabilities Act," and that she was "terminated after complaining to the Board of Directors." In her Complaint, Rayner also alleges "discrimination" and "retaliation" on numerous occasions. For example, the Complaint asserts that Defendant Myers "exhibited a pattern of discrimination of white females under the age of 65 who do not attend the same religious organization [as him]"; that Stringer Water Works' conduct shows "its willingness to discriminate"; and that Defendant Cook "told [Rayner] to read her bible." [Doc. 1-2] ¶¶ 22, 41,

48. It alleges that Rayner was "retaliated against" by Defendants "for her refusal to fulfill [a] criminal act"; that Defendants had "personal reasons for retaliation against [her]"; and that Defendant Caves coerced and enticed Defendant Myers "to retaliate against [her]." The Complaint also asserts "unsafe," "harmful," and "hostile" work environment. [Doc. 1-2] ¶¶ 26, 29, 30, 36, 38, 42, 49. And it alleges that Defendant Myers, "acting in his official capacity as president board member," "whispered harassing remarks to the plaintiff." [Doc. 1-2] ¶ 47.

These allegations arguably support claims under Title VII of the Civil Rights Act of 1964 (Title VII). For example, Title VII provides that an "unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C.A. § 2000e-2(m). And it specifically prohibits an employer from (1) discharging an employee or (2) discriminating against the employee "with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's race, color, religion, sex, or national origin."[6] 42 U.S.C.A. § 2000e-2(a)(1) (emphasis added). Relevant to Rayner's hostile work environment allegations, the abovementioned phrase "terms, conditions or privileges of employment" provides "a cause of action [under Title VII] to a person who works in a discriminatorily hostile environment." *City of Belzoni v. Johnson*, 80 So. 3d 99, 107 (Miss. 2012) (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 20, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993)). Title VII also codifies antiretaliation, making it "unlawful for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful

---

[6] The Act also makes it unlawful for an employer to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(2).

8

employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a); *See Price v. Wheeler*, 834 F. App'x 849, 858 (5th Cir. 2020). Moreover, "[i]n certain situations, a hostile work environment could amount to an adverse employment action leading to an actionable retaliation claim" under Title VII. 132 Am.Jur. Trials 1 *Litigating Title VII Retaliation Cases* § 18 (2013).

Conversely, most of the allegations discussed above are not supported by state law causes of action. Not only does the State of Mississippi lack an antidiscrimination statute, it also unequivocally does not recognize claims for retaliatory discharge. *Green v. Amerada-Hess Corp.*, 612 F.2d 212, 214 (5th Cir. 1980) ("Unlike other state statutes which explicitly provide for a civil action for a retaliatory discharge[,] . . the Mississippi statute does not so provide."); *Pipkin v. Piper Impact, Inc.,* 70 F. App'x 760, 763 (5th Cir. 2003) ("To date, the Mississippi legislature has not enacted a cause of action for retaliatory discharge."). And the Fifth Circuit has "decline[d] to create a cause of action for retaliatory discharge for a state that has refused to do so itself." *Id.*

Mississippi statutes do not provide for comparable discrimination or retaliatory discharge causes of action. But we will note that the Mississippi Supreme Court has held (under public policy exceptions) that employees may be permitted to bring an action in tort against employers who discharge them for refusing to commit a criminal act or for reporting illegal acts. *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993). Though arguably applicable to Rayner's claim that Defendants retaliated against her for refusing to fulfill a criminal act, these exceptions have no bearing on federal question jurisdiction. Here, federal jurisdiction attached based on other allegations indicating causes of action that arise only under federal law.

Rayner attached an EEOC charge to her Complaint, and the EEOC charge was solely related to federal claims. She also pled allegations in her Complaint that arise exclusively under federal law. Based on the allegations in Rayner's well-pleaded Complaint, federal question jurisdiction existed at the time of removal. For the foregoing reasons, the Motion to Remand [15] is DENIED.

It is so ordered.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE